SAMUEL, Judge.
Plaintiff filed this suit for personal injuries resulting from a two-vehicle collision. There are three defendants, the driver of the defendant vehicle, its owner and employer of that driver, and the latter's liability insurer. This is an appeal by the defendants from a judgment condemning them to *741 pay the sum of $20,000[1] for pain and suffering and $1,557 for medical expenses. In this court negligence of the defendant driver is uncontested; appellants contend only that both awards are excessive.
In connection with the $20,000 general award, the record reflects the accident occurred on October 21, 1975. Plaintiff, a mechanic employed by the Jefferson Parish Sheriff’s Office, was riding a motorcycle which was struck by the defendant vehicle. He was thrown over the defendant vehicle, hit the ground, made a few tumbles, cracked his helmet, and was knocked unconscious momentarily.
He was taken to the emergency room of a local hospital with complaints of numbness of the right side, cuts, abrasions of the shoulder, legs, head, back and knee. X-rays were taken, including x-rays of the back. Thereafter, he was seen on two occasions by a general practitioner.
Dr. A. G. Kleinschmidt, an orthopedic surgeon, first saw plaintiff on December 1, 1975, when a history was taken and a routine orthopedic examination performed. In 1968 or 1964 plaintiff had undergone two disc operations during which three discs had been removed. However, for five years prior to the accident in suit he was able to function substantially as a person with a normal back. Plaintiff did not mention a back problem but complained principally of his left knee, Muscle exercises and anti-inflammatory medication was prescribed. He was discharged on December 15, 1976 and advised to continue muscle exercises.
On January 25, 1976 plaintiff again was taken to a hospital emergency room with severe pain of his low back. Examination by Dr. Kleinschmidt indicated bilateral paralumbar muscle spasm and possible nerve root impairment. He was hospitalized on that date, treated with diathermy massage, bed boards, strict bed rest and pelvic traction until his hospital discharge on February 2, 1976. Thereafter, Dr. Kleinschmidt saw plaintiff as an outpatient on six occasions from February 16 through May 31, 1976. He was required to wear a corset and had returned to light duty work in March.
On March 7, 1977, plaintiff again was admitted to a hospital with severe low hack pain. A collateral condition of the lungs was discovered at that time. Lung surgery unrelated to the accident was performed.
Dr. Kleinschmidt was of the opinion plaintiff had sustained a ligamentous strain of the low back, as well as injury to the left knee and other less severe injuries, as a-result of the accident and that the strain may have exacerbated the prior disc surgery, especially in view of the fact plaintiff had been free of back pain for five years prior to the accident.
The doctor concluded, and the trial judge found, plaintiff had recovered from his knee injury on December 15, 1975 and on May 31, 1976 had also recovered from the back problems related to the accident. Any further complaints of the back would not be due to the accident, but attributable to his pre-1975 back condition. Dr. Kleinschmidt considered plaintiffs back condition of such severity he recommended plaintiff pick up nothing weighing more than a pencil or a coke bottle, and that he retrain himself for employment of a less strenuous nature.
Plaintiff and his wife, a nurse, both testified as to his injuries, his treatment and his inability to function since the accident as well as he had been able to function prior to the accident. Plaintiff testified he is unable to perform the heavy manual labor required of his job, and has to rely on others to do that work for him and he is still unable to do carpentry, a hobby he enjoyed before the accident. He was out on sick leave from October 21 to November 1, 1975, and from January 26, 1976 through March 1, 1976 as a result of the accident. He lost no wages.
Appellant contends that because plaintiff did not complain to Dr. Kleinschmidt initially about his back, that problem is unrelated to the accident. But, the doctor pointed out the initial emergency room report on the *742 date of the accident indicated back x-rays were taken. Thus, he concluded plaintiff did have back complaints at that time. And as we have said, Dr. Kleinschmidt did testify it was probable the accident caused plaintiff to reinjure his back.
The trial court award of $20,000 for a knee injury which persisted from October 25, to December 15, 1975 and back injuries lasting from October 25, 1975 to May 31, 1976, including two periods of hospitalization, but necessitating no operative procedures, does seem generous. However, the trial judge was mindful of the fact that the injuries aggravated a pre-existing serious back condition.
In accordance with the views expressed by the Supreme Court of Louisiana in Reck v. Stevens, 373 So.2d 498 (1979):
“. . . before a Court of Appeal can disturb an award made by the trial court the record must clearly reveal that the trier of fact abused its discretion in making its award.”
Our analysis of the facts and circumstances of this case do not reveal a clear abuse of that “much discretion”[2] in the award of general damages for the injuries in suit.
Finally, we agree that the award of $1,557 for medical expenses (which award includes $250 in expert medical witness fees) is excessive. It is stipulated defendant insurer paid all of plaintiff’s medical expenses prior to March, 1977 and the trial court properly found his injuries resulting from the accident had cleared by May, 1976. Thus, medical charges after May, 1976 are not the responsibility of the defendants. Accordingly, we reduce the award for medical expenses from the sum of $1,557 ($1,307 of which consists of services rendered after May, 1976) to the sum of $250 (that portion of the award granted by the trial court for expert witness fees).
For the reasons assigned, the judgment appealed from is amended so as to reduce the award by the sum of $1,307. As thus amended, and in all other respects, the judgment appealed from is affirmed.

AMENDED AND AFFIRMED.

BEER, J., dissents with written reasons.

. Subject to a credit of $3,024 previously paid to plaintiff by the defendant insurer.

. LSA-C.C. Art. 1934(3).